UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHELLE REECE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:12-CV-1566 (CEJ) |
| UNITED STATES POSTAL SERVICE, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Richelle Reece brought this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §2671, *et seq.*, to recover damages for injuries she claims she sustained in a collision with a U.S. Postal Service vehicle in 2008. In September 2012, after the lawsuit was filed, Richelle Reece died. Presently before the Court is a suggestion of death and a motion to substitute plaintiff's husband, Clayton Reece, as plaintiff. It appears from the motion that Clayton Reece seeks to be substituted solely on the basis of his status as spouse and next of kin.

The procedure for substitution of parties is governed by Rule 25 of the Federal Rules of Civil Procedure. Rule 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." While the method for substituting parties is a matter of procedure governed by the Federal Rules of Civil Procedure, the question of "*who* can be a 'representative' or 'successor,' and therefore, who can qualify as a proper party for substitution under Rule 25(a)(1)" is an issue of substantive law. In re Baycol Prods. Litig., 616 F.3d 778, 785 (8th Cir. 2010).

Under the FTCA, federal courts must apply state substantive law. See 28 U.S.C. § 1346(b)(1) (stating that the "law of the place where the act or omission occurred" controls). "[B]ecause the FTCA contains an explicit instruction by Congress regarding which law to use, courts should not engage in their normal Erie [Railroad Co. v. Tompkins] analysis to make that determination." Cibula v. United State of America, 551 F.3d 316, 321 (4th Cir. 2009). Therefore, the Court will look to Missouri law to determine whether Clayton Reece may properly be substituted for Richelle Reece as plaintiff in this case.

Under Missouri law, a cause of action for a non-fatal personal injury does not "abate by reason of [the injured party's] death . . . but survive[s] to the personal representative of [the] injured party." MO.REV.STAT. § 537.020(1). Thus, for Clayton Reece to be substituted under Rule 25 he must first be appointed personal representative of plaintiff's estate. See Andrews v. Neer, 253 F.3d 1052, 1057 (8th Cir. 2001)("The statute [§ 537.020(1)] unambiguously authorizes the survival of claims that arise from non-fatal personal injuries where the injured party later dies of unrelated causes. Such claims must be pursued by the personal representative of the decedent's estate.")

The Court disagrees with plaintiff's contention that the Missouri substitution statute, MO.REV.STAT. § 507.100.1(1), applies in this case because plaintiff filed suit before her death. The statute provides, in relevant part:

> If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. The motion for substitution may be made by the successors or representatives of the deceased party or by any party . . .
>
> MO.REV.STAT. § 507.100.1(1).

The language of the statute makes clear that § 507.100.1(1) is procedural in nature---not substantive. By contrast, it is the survival statute---§ 537.020(1)---that governs in determining *who* may prosecute a non-fatal personal injury action after the death of the injured party.

Clayton Reece's status as surviving spouse and next of kin does not qualify him to continue the personal injury claim brought by Richelle Reece and, therefore, he cannot be substituted as the plaintiff in this case. If Clayton Reece is appointed personal representative of Richelle Reece's estate, then he may again move for substitution under Rule 25.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for substitution [Doc. #7] is **denied without prejudice**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2013.